IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEON GASSAWAY; STANROD JOHNSON; TAVARES RIDGE; BRANDON ROBINSON; and NICHOLAS SPRAGLIN, | § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. **3:20-CV-983-L** |
| BEACON FABRICATION, LLC and ANCHOR FABRICATION, LLC, | | |
| Defendants. | | |

## **ORDER**

Before the court is Defendants' Motion to Dismiss and Compel Arbitration ("Motion") (Doc. 11), filed July 17, 2020. On February 24, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 19) was entered. The magistrate judge determined that a valid agreement to arbitrate existed between all of the parties and that there were no legal restraints external to the parties' agreement that would foreclose arbitration of the claims in dispute; and recommended that the court grant Defendants' Motion. She also seemed to recommend that the court *dismiss with prejudice* this action because all claims and issues raised by Plaintiffs are arbitrable and must be submitted to arbitration.

On March 10, 2021, Defendants' Motion for Clarification of or Objection to Findings, Conclusions and Recommendations (Doc. 20) was filed. Notwithstanding the designation or title of Document 20, Defendants are asserting an objection to the Report to the extent that the magistrate judge's recommendation is that the action be *dismissed without prejudice*. Accordingly, the court substantively *treats* the filing by Defendants as an objection to the Report. They note

**Order – Page 1**

that the first and last paragraph of the Report, summarizing the magistrate judge's recommendation, state that this action should be *dismissed without prejudice*, whereas the Report states elsewhere in one place that the action should be *dismissed with prejudice*. Defendants contend that the action should be *dismissed with prejudice*. The court agrees.

On pages 19 through 20, the Report correctly notes that this action "should be dismissed with prejudice" because "all of the issues raised by Plaintiffs are arbitrable and must be submitted to arbitration," which is consistent with the magistrate judge's analysis under the Federal Arbitration Act and Fifth Circuit authority. Report 19-20. The court, therefore, determines that references to *dismissal without prejudice* in the first and last paragraphs of the Report were inadvertent or an oversight, just as some of the clerical errors in the case caption of the Report appear to have been inadvertent.*

Notwithstanding the oversight or clerical errors by the magistrate judge, dismissal of this action *with prejudice* is appropriate. Although Section 3 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16, provides for a stay pending arbitration, when all claims are subject to arbitration, the court may dismiss the action with prejudice. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (citations omitted). This is so because "[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a

---

* The corrected spelling of the parties' names appears in the case caption on the first page of this order.

**Order – Page 2**

judicial review of the arbitrator's award in the limited manner prescribed by law." *Id.* (citation omitted).

"Within 14 days after being served with a copy of the [ magistrate judge's] recommended disposition, a party may serve and file specific objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Defendants filed their objection on March 10, 2021, fourteen days after being served, which was the deadline to do so.  Likewise, "[a] party may respond to another party's objections within 14 days after being served with a copy" of the objections.  Plaintiffs filed no objection to the Report by the deadline and, therefore, have waived their right to object to the Report.  To preserve their right to object, Plaintiffs should have filed an objection to the Report and argued that the action should have been "dismissed without prejudice."

Finally, if Plaintiffs file a response to Defendants' objection, they can only respond to the issue raised by Defendants regarding the kind of dismissal that should be entered by the court, as they did not object to any part of the Report.  Even if Plaintiffs have a right to respond, well-settled law unequivocally allows this court, under the circumstances present, to *dismiss with prejudice* this action.  Any response filed by Plaintiffs would be an exercise in futility, as there is nothing that could be filed by them that would change the outcome.

The court agrees with the magistrate judge that all of the issues raised by the parties must be submitted to binding arbitration, and it **finds** no other reason to retain jurisdiction over this action.  The court **determines** that this action should be dismissed with prejudice, and it need not await a response by Plaintiffs to Defendants' objection because such objection would be futile. Having reviewed the briefs, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court **sustains** Defendants' objection.  The court further **determines** that the findings and conclusions of the magistrate judge

**Order – Page 3**

are correct in her analysis, and **accepts** them as those of the court as herein **modified and supplemented**. The court, therefore, **grants** Defendants' Motion to Dismiss and Compel Arbitration (Doc. 11) and **dismisses with prejudice** this action. The court **orders** the parties to arbitrate Plaintiffs' claims in accordance with the arbitration provisions of the Employee Handbook.

   **It is so ordered** this 11th day of March, 2021.

                                         Sam A. Lindsay
                                         United States District Judge